UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:

MOREAUX TRANSPORTATION     CASE NO. 20-20384
SERVICES, INC.

    DEBTOR     CHAPTER 11, SUBCHAPTER V

_____

### DEBTOR'S APPLICATION FOR INTERIM ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE DEBTOR, AND FOR FINAL ORDER AFTER FINAL HEARING

NOW INTO COURT, through undersigned counsel, comes **Moreaux Transportation Services, Inc.**, as debtor-in-possession (the "Debtor"), who respectfully moves this Court (the "Motion") for entry of an interim Order approving Stout Risius Ross, LLC ("Stout"), *nunc pro tunc*, as its financial advisor pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code ("Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and for final order on same after final hearing. In support of this Application, the Debtor respectfully states as follows:

### Jurisdiction

1.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### Background

2.

On September 21, 2020 ("Petition Date"), the Debtor filed for voluntary relief under Subchapter V, Chapter 11 of the Bankruptcy Code. Since that time the Debtor has continued to

operate its business as debtor-in-possession pursuant to § 1184 of the Bankruptcy Code. Lucy Sikes has been appointed as the Subchapter V Trustee in this case.

3.

The Debtor is a petrochemical trucking and transportation logistics company, with operations in Orange, Texas, and Iowa, Louisiana.

4.

Debtor's current President, Daniel Moreaux, is the son of the company's founder, and as set forth in the Debtor's *Motion for Approval of Insider Compensation*, Daniel Moreaux's father, mother, brothers, and sisters handle operations and administrative matters.

5.

Pre-petition, Debtor entered a number of merchant cash advance ("MCA") and similar agreements. Debtor does not have an in-house ability to prepare financials in light of these agreements. Specifically, Debtor has been unable to produce accurate profit and loss statements, balance sheets, and statements of cash flow, which are presently required and will be required to be submitted monthly during the pendency of this case.

**Relief Requested**

6.

Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016(b) of the Bankruptcy Rules, the Debtor seeks an Order from this Court authorizing the retention and employment of Stout to provide reporting, cash management and related services all on an "as requested" basis. In making this application ("Application"), the Debtor shows in support, and incorporates by reference, the Declaration of John Baumgartner, a copy of which is annexed hereto as **Exhibit "A."**

**Basis for Relief**

7.

The Bankruptcy Code authorizes a debtor-in-possession to employ one or more disinterested professionals on any reasonable terms and conditions of employment, as long as those professionals do not hold or represent an interest adverse to the estate with respect to the matters on which they are to be retained. 11 U.S.C. §§ 327(a) and 328(a). Upon approval of this Application, Stout will serve as financial advisor to the Debtor in connection with ongoing restructuring and reorganization efforts. A full description of the services to be provided by Stout is included in the Engagement Letter between the Debtor's representative and Stout, a copy of which is attached hereto as **Exhibit "B."**

8.

The Debtor submits that Stout is exceptionally qualified and able to provide the services necessary in this bankruptcy case, and Stout's retention is in the best interest of the Debtor and the estate. Stout is a leading financial advisory firm with offices in sixteen (16) U.S. cities specializing in, among other things, management consulting, dispute advisory, transaction opinions, financial and operational restructuring, and capital raising.

9.

Stout has represented a wide range of debtors and stakeholders in a number of distressed situations over the last 20 years, including unsecured creditors, senior lenders, equity holders and debtors, both in and out-of-court. As an example, Stout's professionals have represented constituents in a wide range of in-court proceedings including Acadiana Management Group, L.L.C. and affiliates (before this Court), as well as Altegrity, Inc., Hawaiian Telcom, Curative Health Services, Chemtura Corporation, Oriental Trading Company, Inc., ABC Dental Cases,

Baxano Surgical, Inc., Frontier Airlines, and many other transactions resulting in a confirmed Chapter 11 plan in bankruptcy.

10.

Stout professionals to be involved in this bankruptcy case include:

(a) John Baumgartner – a financial and operational restructuring specialist with over 15 years of experience consulting and advising trustees, debtors, senior lenders, and unsecured creditors in healthcare and other major industry matters, including in the areas of corporate finance, valuations, solvency analysis, fraudulent transfer disputes, forensic accounting investigations, asset divestitures and due diligence. Mr. Baumgartner has extensive experience providing across-the-board operational restructuring services for debtors in a wide range of situations within the Fifth Circuit.

(b) Meggen Rhodes – a financial and operational restructuring specialist and finance executive, having previously served as an Executive Vice President of Finance and Corporate Development and as Chief Financial Officer, and who has, during her employment with Stout, served as the interim VP of Finance of a Louisiana company. Ms. Rhodes is experienced in financial reporting, including daily management of accounting, cash flow forecasting, budget analysis, accounts payable, and payroll, as well as the design and implementation of efficient policies, procedures, and systems related to the foregoing.

11.

Stout will provide Financial Advisory Services ("FAS") in connection with the current bankruptcy proceeding as requested by the Debtor. These FAS services may include:

(a) assistance with record keeping and preparation of financial statements;

(b) review of financial information, including, but not limited to, analyses of invoices, cash receipts, disbursements, and financial statement items;

(c) preparation of filings required by the Bankruptcy Court, the Office of the United States Trustee, and the Subchapter V Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

(d) financial advisory services including the preparation of a liquidation analysis, and a monthly analysis of financial information (including analysis of significant changes financially, operationally or otherwise);

(e) assistance with preparation of the proposed business plan and financial projections;

(f) assistance in preparing and/or reviewing documents necessary for confirmation;

(g) assistance with claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity; and

(h) such other FAS as may be required by additional issues and developments not anticipated as of the Application date.

12.

The Debtor requires the skills of knowledgeable and experienced financial advisors, and Stout has indicated its willingness to render the necessary professional services to the Debtor.

**Disinterestedness/Disclosure**

13.

Stout is not precluded from employment under Section 327(a) as it neither holds nor represents any adverse interest to the Debtor or its estate relative to the matters upon which it will be engaged.

14.

To the best of Debtor's knowledge, information and belief, other than as disclosed herein and above, Stout has no connection with the Debtor, the creditors of the Debtor, or any other party-in-interest in this bankruptcy case, or their respective attorneys or other professionals, or any employee of the Office of the United States Trustee. The Debtor's knowledge, information and belief regarding the matters set forth herein are based, and made in reliance upon, the Declaration of John Baumgartner, attached hereto as Exhibit "A."

**Terms of Employment**

15.

Stout has agreed to provide services to the Debtor in connection with this Subchapter V, Chapter 11 case as set forth above. The terms and scope of Stout's proposed representation are set forth in the Engagement Letter attached hereto as Exhibit "B."

16.

It is the policy of Stout and agreement of the parties that the Debtor, upon Stout's request, reimburse Stout for its reasonable out-of-pocket expenses incurred from time to time in connection with the services to be rendered, including:

(a) reasonable travel expenses;

(b) duplicating charges (including graphic design charges);

(c) on-line service charges (including data room charges); and

(d) messenger and delivery services, meeting services, and long-distance telephone and facsimile charges.

Stout will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to other clients of Stout.

17.

The Financial Advisory Services ("FAS") as referenced herein and more fully described in the Exhibit "B" Engagement Letter, will be provided and billed by Stout on an hourly basis. The hourly rates charged are based upon, among other things, each individual's level of experience and the type of services being provided. The hourly rates for Stout professionals anticipated to have primary responsibility for providing FAS as requested are:

| **Professional** | **Rates** |
|---|---|
| John Baumgartner (Managing Director) | $425 per hour |
| Meggen Rhodes (Manager) | $250 per hour |

Ms. Rhodes will be the lead Stout professional on this engagement.

18.

For the reasons set forth above, the Debtor believes that Stout is well qualified to serve as financial advisor to the Debtor and that the retention of Stout is in the best interest of Debtor's estate.

19.

Stout will comply with all requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court with respect to fee and expense reimbursement applications of professionals employed by a bankruptcy estate.

20.

It is necessary to employ Stout immediately and without the twenty-one day delay mandated by Bankruptcy Rule 6003, as the Debtor will suffer immediate and irreparable harm if Stout is not authorized to perform financial advisement and services.

## Notice

21.

Notice of this Motion has been given to:

(i) the Office of the United States Trustee;

(ii) Lucy G. Sikes, Subchapter V Trustee; and

(iii) the Debtor's largest twenty (20) creditors.

In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## No Prior Request

22.

No prior request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court approve on an interim basis the retention and employment of Stout Risius Ross, LLC, *nunc pro tunc*, in this Subchapter V, Chapter 11 case with respect to the matters specifically set forth herein, that this Court set a final hearing to confirm or revoke such retention, and for such other further and full relief as may be just and equitable.

Alexandria, Louisiana, on this 29th day of September, 2020.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/Bradley L. Drell
     Bradley L. Drell (Bar Roll #24387)
     Heather M. Mathews (Bar Roll #29967)
     B. Gene Taylor III (Bar Roll #33407)
     P. O. Box 6118
     Alexandria, LA 71307-6118
     Telephone: (318) 445-6471
     Facsimile: (318) 445-6476
**ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION: MOREAUX TRANSPORTATION SERVICES, INC.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:

MOREAUX TRANSPORTATION　　　　　　　　　　　　CASE NO. 20-20384
SERVICES, INC.

    **DEBTOR**　　　　　　　　　　　　　　　　　　　**CHAPTER 11, SUBCHAPTER V**

## CERTIFICATE OF SERVICE

This is to certify that the ***Application for Order Authorizing Retention and Employment of Stout Risius Ross, LLC as Financial Advisor to the Debtor*** was served on the following:

1. Office of the United States Trustee, 300 Fannin Street, Room 3196, Shreveport, LA 71101;

2. Lucy G. Sikes, Chapter 11, Subchapter V Trustee, Post Office Box 52545, Lafayette, LA 70505-2545;

3. The twenty (20) largest creditors of the Debtor; and

4. Any party requesting notice by CM/ECF;

by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 29th day of September, 2020.

                                                **/s/Bradley L. Drell**
                                                  OF COUNSEL