UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:

MOREAUX TRANSPORTATION    CASE NO. 20-20384
SERVICES, INC.

    DEBTOR    CHAPTER 11, SUBCHAPTER V

## DECLARATION OF JOHN BAUMGARTNER

Pursuant to section 329(a) of Title 11 of the United States Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), John Baumgartner hereby states the following:

1. I submit this Declaration in support of the above-referenced *Debtor's Application for Order Authorizing Retention and Employment of Stout Risius Ross, LLC as Financial Advisor to the Debtor* (the "Application").

2. I am a Managing Director in the Disputes, Compliance & Investigations Group at Stout Risius Ross, LLC ("Stout"). Stout is a leading advisory firm with offices in sixteen (16) U.S. cities specializing in, among other things, management consulting, dispute advisory, transaction opinions, financial and operational restructuring, and capital raising.

3. The Debtor proposes to retain Stout to provide professional services set forth in the Application.

4. To the best of my knowledge based on the information provided by the Debtor to Stout, and except as expressly set forth herein, neither I nor any member nor employee of Stout, nor the company itself, in so far as I have been able to ascertain, has any disqualifying connection with the Debtor, its creditors, or any other party-in-interest in the Debtor's bankruptcy case or its

EXHIBIT A

respective attorneys or other professionals, or any employee of the Office of the United States Trustee, with respect to the matters in which they are to be employed.

5. In accordance with Bankruptcy Code Section 327(a), neither I, nor any member or employee of Stout, nor the company itself, represents, will represent, holds or will hold any interest adverse to the Debtor or its estate with respect to the matters upon which Stout is proposed to be engaged. Notwithstanding the foregoing, it should be noted that (a) Stout may serve as professional persons in other matters, wholly unrelated to the Debtor or this case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties-in-interest have also been engaged, (b) certain creditors of the Debtor may also have been creditors of other companies represented by Stout in matters wholly unrelated to the Debtor in this case, and (c) Stout professionals may have previously served as financial advisors to entities wholly unrelated to the Debtor in which directors, officers and equity holders of the Debtor have been involved as directors, officers or equity holders.

6. The Debtor has agreed to compensate and reimburse Stout for fees and direct expenses incurred as set forth in the Application.

7. This compensation agreement is consistent with arrangements entered into by Stout for similar services provided for clients such as the Debtor for representations of the type and complexity described in the Application.

8. Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, Stout intends to be compensated on an hourly basis ("Hourly Fee") for any Financial Advisory Services ("FAS") requested by Debtor and more fully described in the Application and Engagement Letter attached as Exhibit "B" to the Application.

9.      In addition to the Hourly Fee, it is agreed that the Debtor, upon Stout's request, shall reimburse Stout for its reasonable out-of-pocket expenses incurred from time to time in connection with the services to be rendered, including: (a) reasonable travel expenses; (b) duplicating charges (including graphic design charges); (c) on-line service charges (including data room charges); and (d) messenger and delivery services, meeting services, and long-distance telephone and facsimile charges.  Stout will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to other clients of Stout.

10.     Stout will comply with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court with respect to fee and expense reimbursement applications of professionals employed by the bankruptcy estate.

11.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on September 29, 2020.

        /s/ John Baumgartner
        John Baumgartner