**SO ORDERED.**

**SIGNED March 4, 2021.**



_____
**JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE**

_____

## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

IN RE:

| | |
|---|---|
| **MOREAUX TRANSPORTATION SERVICES, INC.** | **CASE NO. 20-20384** |
| **DEBTOR** | **CHAPTER 11, SUBCHAPTER V** |

_____

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### SUPPORTING PLAN CONFIRMATION

On consideration of the *Second Immaterially Modified Plan of Reorganization* [ECF No. 173] filed by Moreaux Transportation Services, Inc. (the "Debtor"), which came for confirmation hearing on February 24, 2021 (the "Confirmation Hearing"), and on review of the record in the captioned matter, including evidence introduced to support confirmation, and particularly the *Declaration of Compliance with Section 1191(a) of the Bankruptcy Code* executed by the Debtor's representative, Daniel Moreaux, under penalty of perjury as required by 28 U.S.C. § 1746 [ECF No. 175] (the "Moreaux Declaration"), and with no contradictory evidence presented to the Court, the Court makes the following findings of fact and conclusions of law pursuant to FRBP 7052:

1. Daniel Moreaux is the sole shareholder and authorized representative of the Debtor.

2. On September 21, 2020, Debtor voluntarily filed a petition for relief pursuant to Subchapter V of Chapter 11 of Title 11 of the United States Code. Since that date, Debtor has operated its business and managed its affairs as a debtor in possession pursuant to 11 U.S.C. § 1184.

3. Debtor filed its Plan of Reorganization on December 21, 2020, its Immaterially Modified Plan of Reorganization on February 12, 2021, and its Second Immaterially Modified Plan of Reorganization on February 23, 2021 [ECF No. 173] (the "Plan").

4. **Transmittal of Solicitation Package.** On December 31, 2020, Debtor transmitted by first class United States mail, postage prepaid, the following to the entire mailing matrix in this proceeding: (1) this Court's *Order Fixing Time for Filing Acceptances or Rejections of Plan, for Filing Objections to the Confirmation of the Plan, and for Confirmation Hearing, Combined with Notice Thereof* [ECF No. 143]; (2) the *Plan of Reorganization* [ECF No. 137]; and (3) the Ballot for Accepting or Rejecting the Plan of Reorganization Proposed by Debtor, as evidenced by the Certificate of Debtor's counsel [ECF No. 146].

5. **Notice.** The Plan, notice of Confirmation Hearing, and the Ballot were transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for creditors to accept or reject the Plan.

6. **No Objections.** The only Objection to the Plan filed of record or otherwise presented to this Court [ECF No. 149] was withdrawn [ECF No. 152].

7. **Good Faith Solicitation.** All persons who solicited votes on the Plan solicited such votes in good faith.

8. **Tabulation Results.** On February 23, 2021, Debtor filed a Ballot Summary [ECF No. 174] which set forth the results and explained the method of Ballot tabulation. The procedures used to tabulate the Ballots were fair and reasonable.

9. **Proper Classification.** In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four (4) Classes of Claims and Interests with respect to the Debtor. Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests.

10. **Specification of Unimpaired Classes and Interests.** The Plan specifies any Class of Claims or Interests that are not impaired under the Plan.

11. **Specification of Treatment of Impaired Classes and Interests.** Section 3.4, *et seq.*, of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment of the Claims and Interests in those Classes.

12. **No Discrimination.** The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder has agreed to less favorable treatment.

13. **Implementation of Plan.** The Plan provides adequate and proper means for its implementation, including the various agreements set forth in the Plan Covenants set forth in Exhibit D to the Plan [ECF No. 173-4].

14. **Nonvoting Equity Securities.** Section 3.13(d) of the Plan provides for inclusion in the Debtor's organization documents a provision prohibiting the issuance of non-voting equity securities.

15. **Selection of Officers and Directors.** Section 3.12 of the Plan provides for Debtor's

sole shareholder and president, Daniel Moreaux, to continue as the sole officer of the Reorganized Debtor. Accordingly, with respect to the manner of selection of any officers and directors, the Plan is consistent with the interests of the Debtor's creditors and equity security holders and with public policy.

16. **Plan Proposed in Good Faith.** The Debtor, its shareholder, and authorized representative have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtor's estate and effectuating a successful reorganization of the Debtor.

17. **Payments for Services or Costs and Expenses**. The Plan provides that any payment made or to be made by the Debtor for services or costs and expenses in or in connection with this proceeding, or in connection with the Plan and incident to the proceeding, has been approved by or is subject to the approval of the Court as reasonable.

18. **Directors and Officers.** Section 3.12 of the Plan identifies Daniel Moreaux, the sole shareholder of Debtor, as the individual proposed to serve as the sole officer of the Debtor under the Plan, and discloses his compensation as an insider to the Debtor. Accordingly, the Debtor has sufficiently disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a Plan with the Debtor or a successor to the Debtor under the Plan, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holder and with public policy, and the Debtor has disclosed the identity of and the nature of compensation to such insider.

19. **No Rate Changes**. The Plan does not provide for any changes in rates over which a governmental regulatory commission has or may potentially have jurisdiction.

20. **Best Interests of Creditors**.  The liquidation analysis attached as Exhibit C to the Plan [ECF No. 173-3], the Moreaux Declaration, and other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive, credible, and uncontroverted, (2) are based upon reasonable and sound assumptions, (3) provide a reasonable estimate of the liquidation values of the Debtor in the event the Debtor were liquidated under Chapter 7 of the Bankruptcy Code, and (4) establish that each holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

21. **Acceptance by Certain Classes**. Classes 1-A, 1-B, and 2 have voted to accept the Plan.  Class 3 is unimpaired and deemed to accept the Plan.

22. **Treatment of Administrative and Tax Claims**.  Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Allowed Administrative Expense Claims will be paid in full on the Effective Date; and that Allowed Priority Tax Claims will receive on the account of such Allowed Claims deferred cash payments, over a period not exceeding five years after the date of commencement date of this case, of a value, equal to the Allowed amount of such Claim, as of the Effective Date.

23. **Acceptance by Impaired Classes**. At least one Class of impaired Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim of such Class.

24. **Feasibility**.  The background provided in the Plan, the financial projections provided as Exhibit B to the Plan [ECF No. 173-2], and other evidence adduced at the

Confirmation Hearing (1) are persuasive, credible, and uncontroverted, (2) are based upon reasonable and sound assumptions, and (3) establish that the Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan. Moreover, confirmation of the Plan will allow the Debtor to apply for a second forgivable PPP loan under the CARES Act as modified by Congress, in the amount of $206,841.40, prior to the expiration of the PPP program at the end of March 2021. These additional funds are further evidence of feasibility.

25. **Payment of Fees**. All fees payable under section 1930 of title 28 of the United States Code, as determined by the Court, have been paid or will be paid pursuant to Article III of the Plan.

26. **Continuation of Retiree Benefits**. To the extent the Debtor is obligated to pay any "retiree benefits" as defined in Bankruptcy Code section 1114(a), such obligations continue after the Effective Date of the Plan.

27. **Miscellaneous Provisions**. Debtor is not an individual, does not owe any domestic support obligations, and is not a non-profit corporation.

In light of the foregoing findings of fact and conclusions of law, the Court will by separate Order confirm the Plan.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/ Bradley L. Drell
      Bradley L. Drell (Bar Roll #24387)
      Heather M. Mathews (Bar Roll #29967)
      P. O. Box 6118
      Alexandria, LA 71307-6118
      T: (318) 445-6471
      F: (318) 445-6476
      e-mail: bdrell@goldweems.com

**ATTORNEYS FOR THE DEBTOR IN POSSESSION**